Chief Justice Bibb
delivered the Opinion of the Court
Orders of publication against absentees, warning them to appear and answer, otherwise that the bill will be taken as confessed, and the matters thereof decreed, are a species of process authorized by statute. An order of publication against an absent defendant is a process like unto the process of subpoena against a resident of the Commonwealth. The actual publication of the order as required by law and directed by the court, makes the constructive service of the process. If the publication be not made as required by the statute, it is a failure of service of process. This mode of proceeding is at best but ill calculated to give warning to the person absent from the Commonwealth, of the proceeding and the decree about to be taken, if he fails to appear and answer. Being anomalous and in derogation of the usage of courts of justice, tending to lesson the security of property, and endanger the regular administration of justice, a court of equity is bound by its own principles, to hold a strict hand over this constructive service. Accordingly this court has uniformly, and in very many cases, reversed decrees, where the proof of publication was *71 not full and complete. It has been the uniform construction that two months required by statute for publication, means calendar months; and very many decrees have been reversed which were taken upon publication for eight weeks. Nothing short of the full and complete time of two calendar months, will be indulged as sufficient execution of the order for publication.
Certificate, dated 20th of August, of the execution of an order made at the June term, that the publication commenced with the first paper in July, and ended with the last published in August, is not sufficient.
Where an absent defendant below reverses the decree here, for the insufficiency of the constructive service of process, on the return of the cause, he shall be regarded as a party, and as having appeared, and the cause shall accordingly proceed without other process.
In this case the decree taken against the absentees named in the order of publication, at the June term, 1818, is founded on evidence of publication, short of two calendar months. The certificate of publication is dated on the 39th of August, 1818, and certifies the publication commenced with the first paper in July, and ended with the last paper published in August. From the first publication in July to the last publication in August, certified on the twenty ninth of August, is not a publication for two full calendar months. For this cause the decree taken for want of appearance or answer, must be reversed and the cause remanded lor further proceedings.
But as all the defendants are parties to this writ of error, and are therefore plaintiffs here and prosecuting, they are now parties who have entered their appearance, and farther process, to bring them in, is unnecessary. Upon remanding the cause, they will be bound to put in their answers, or on failure may be proceeded against as persons who have appeared upon due service of process.
It is therefore ordered and decreed that the decree of the circuit court be reversed and annulled, because the order of publication made at the June term, 1818, against the defendants therein named, was not duly and sufficiently executed, and the cause is remanded to the circuit court for new proceedings to be had, commencing, as to those defendants who have not heretofore answered, as upon the return of a subpoena executed, and an appearance entered by those defendants; and for such proceedings thereupon and in the matters of the bill, as to equity belongs.
Turner, for plaintiffs.
And it is farther Ordered and decreed that the de¿ fendants in this court pay to the plaintiffs their costs in this court expended.